UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEUS HUMBERTO R.Z.,[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-07791-TLN-SCR<br>A # 244-022-219<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Zeus Humberto R.Z.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondent filed an Answer to the petition.[2] (ECF No. 7.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondent is directed to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Respondent filed two documents entitled "Answer to Petition for Writ of Habeas Corpus." (ECF Nos. 6, 7.) These documents are identical except for the fact that attached to the second one are the records the Court ordered Respondent to file in its September 23, 2026, minute order. (ECF No. 4.) The Court therefore cites only to that second document.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States on March 7, 2023. (ECF No. 7-1 at 2.) He was arrested by a U.S. Border Patrol agent, served with a Notice to Appear in immigration court, and released on humanitarian parole for one year. (*Id.*; ECF No. 7-3.)

On August 29, 2026, after the U.S. Park Police arrested him for operating a motor vehicle without a permit, Petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 7-1 at 2.) Petitioner has no other criminal history. (ECF No. 7-1 at 3.) ICE subsequently transferred him to California City Detention Facility. (ECF No. 1 at 1.) He has not received a bond hearing in immigration court. (*Id.* at 2.)

On September 23, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (*Id.*) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA").[3] (ECF No. 1 at 6.) In opposition, Respondent

---

[3] Petitioner also alleges a violation of the Eighth Amendment. (ECF No. 1 at 6.) Finding relief warranted on Petitioner's INA and Fifth Amendment claims, the Court declines to address

contends Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)") with no additional due process rights. (ECF No. 7 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. Liberty Interest

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

Respondent asserts that Petitioner lacks a protectable liberty interest because, pursuant to the entry fiction doctrine, his "due process rights are limited to 8 U.S.C. §1225(b)(2)." (ECF No. 8 at 1.) Respondent argues that §1225(b)(2) applies because he is "an arriving [noncitizen] who

---

this additional claim in favor of judicial economy.

entered at a port of entry." (*Id.*) Respondent's argument as to the applicability of § 1225(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3. Additionally, the government's decision to release Petitioner on humanitarian parole and allow him to remain in the community for years created a powerful liberty interest. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Respondent's invocation of the entry fiction doctrine is based upon a fundamental misreading of the Ninth Circuit's decision in *Padilla v. United States Immigration & Customs Enforcement*, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026). Seizing upon the court's discussion of *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Respondent contends that *Padilla* recognized "the entry fiction doctrine applies to arriving [noncitizens[ and noncitizen parolees, like Petitioner." (ECF No. 8 at 2.) The *Padilla* Court, however, was at pains to emphasize that the entry fiction doctrine does not divest noncitizens of their due process rights regarding detention: "In sum, the government's strictly circumscribed detention authority, a pillar of our common law tradition for almost a millennium, stands in contrast to the political branch's 'plenary authority to decide which [noncitizens] to admit.'" No. 24-2801, 2026 WL 2822044, at *19 (citing *Thuraissigiam*, 591 U.S. at 139). The entry fiction doctrine therefore "has no application here, the government's fervent pleas for its vast expansion notwithstanding." *Id.*

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. <u>Procedures Required</u>

To determine what process is necessary to ensure any deprivation of Petitioner's protected

liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Most significantly, Petitioner has not been afforded the "initial bond hearing before a neutral decisionmaker" to which he is entitled by statute. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). As Respondent does not argue Petitioner is a danger[4] to the public or a flight risk, the risk that Petitioner is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

---

[4] Respondent submits a copy of Petitioner's RAP sheet which reflects pending immigration charges for unlawful presence in the United States, and a Form I-213 which states that he was arrested by the U.S. Park Police for operating a motor vehicle without a permit. (ECF No. 7-1 at 2; ECF No. 7-4.) However, Respondent develops no meaningful argument that these alleged offenses demonstrate that Petitioner is a danger.

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondent. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondent articulates no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Zeus Humberto R.Z. A# 244-022-219 from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondent demonstrates by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 2.)

4. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

**DATED: October 22, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE